**QIU HUI LIU,**[1] **Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

No. 05–3181–ag.

United States Court of Appeals, Second Circuit.

Aug. 1, 2006.

Yee Ling Poon, Robert Duk–Hwan Kim, New York, NY, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the February 22, 2006, due date specified in the scheduling order issued on February 7, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

**SUMMARY ORDER**

Qiu Hui Liu, a national and citizen of the People's Republic of China, petitions for review of the May 31, 2005 Board of Immigration Appeals ("BIA") order reviewing the decision of Immigration Judge ("IJ") Jeffrey Chase, which denied her applica-

---

1. We amend the official caption to reflect the spelling of the petitioner's name as it appears on the administrative record and petition for review.

tion for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiu Hui Liu*, No. A 95 161 939 (B.I.A. May 31, 2005), *af'g* No. A 95 161 939 (Immig. Ct. N.Y. City Dec. 4, 2003). The BIA order expressly rejected parts of the IJ's decision, and while the BIA ultimately reached the same conclusions as the IJ's decision on the remaining issues in Liu's petition, it adopted its own reasoning. On appeal, therefore, we review only the BIA's order. *Chen v. Board of Immigration Appeals*, 435 F.3d 141, 144 (2d Cir.2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

At the outset, we note that Liu argues that IJ Chase conducted an unfair hearing, and she cites to several places in the record that indicate his bias and predisposition to denying her case. Having reviewed the record of the hearings before the IJ, we agree that IJ Chase demonstrated a startling lack of propriety in adjudicating this case.[2] The BIA itself noted the impropriety of the IJ's conduct, explicitly rejected IJ Chase's adverse credibility findings, and assumed Liu's testimony to be credible in deciding the merits of her case. And as we stated above, we are constrained to review the BIA's decision here.

In ruling on her persecution claim, the BIA found that "[h]er assertion that she was required to undergo gynecological examinations in the past does not amount to past persecution." The agency, however, did not give any explanation as to the basis of its conclusory determination here; the IJ also reached a similar conclusion but his reasoning on this issue was less than cogent and obviously skewed by the bias he demonstrated throughout the proceedings. It is, thus, not clear to us what impact, if any, the IJ's formulation of the issues and his determination might have had on the BIA's review. Indeed, the IJ focused on the sanitary conditions of the gynecological exams without addressing the petitioner's testimony that such exams were not only extremely invasive and humiliating but psychologically scarring. Liu described the ordeal as "like hell" in her affidavit. As persecution encompasses "a variety of forms of adverse treatment," including "the infliction of suffering or harm upon those who differ ... [done] in a way regarded as offensive," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir.2006) (quoting *In re S—A—*, 22 I. & N. Dec. 1328, 1336, 2000 WL 827754 (BIA 2000)), the BIA should examine on remand the petitioner's evidence on this point and articulate its conclusions on this point in a detailed and cogent way.

This potential evidence of past persecution obviously impacts the BIA's finding that she does not have a well-founded fear of future prosecution. 8 C.F.R. § 208.13(b)(1) (where applicant has suffered past persecution, a rebuttable presumption arises that there is a clear probability of a threat of future persecution should the applicant return). In the absence of a reviewable persecution determination, we do not consider the BIA's order with respect to this part of her claim nor

---

**2.** In this case, there are several exchanges between the IJ and Liu during the pretrial hearings which cause serious concerns regarding IJ Chase's neutrality and reasonableness. IJ Chase made particularly inappropriate comments during the hearings, including the following: "I don't care if you have 10 kids here. You lie to me and you're dead. No asylum. You'll be ordered deported. You'll be barred for the rest of your life. It's going to be a disaster." These comments were made even before Liu provided any testimony in support of her claims. IJ Chase also made unprofessional and inappropriate comments regarding Liu's decision to send her child to China and Liu's use of Medicaid to pay for the births of her children.

its decision with respect to her withholding claim.

Finally, on Liu's CAT claims, the BIA specified the evidence in the record it reviewed in determining that no relief under the CAT was warranted in petitioner's case. Substantial evidence supports this conclusion.

For the foregoing reasons, the petition for review is GRANTED in part and DENIED in part, the BIA's order is VACATED in part and AFFIRMED in part, and the case is REMANDED for further proceedings consistent with this decision. Should the BIA find it appropriate to remand further, we direct the BIA to reassign the case to a different immigration judge. *See Guo–Le Huang v. Gonzales,* 453 F.3d 142, 150–51 (2d Cir.2006).